UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4682

RODNEY LEE HOOKER, a/k/a D, a/k/a
Hook,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-96-188)

Submitted: March 24, 1998

Decided: April 27, 1998

Before WIDENER and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Danny T. Ferguson, Winston-Salem, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Sandra J. Hairston,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rodney Lee Hooker appeals from his jury conviction and resulting sentence for conspiracy to possess cocaine with the intent to distribute under 21 U.S.C. § 846 (1994). Finding no error, we affirm.

According to the evidence presented at trial, Hooker and several other individuals pooled their money to purchase large quantities of cocaine. Hooker and the others usually gave their money to Orenthia Chensey, who would add his own contribution and arrange the purchase of either a quarter or a half-kilogram of cocaine from sources in New York. A courier would relay the cocaine to North Carolina, and Chensey would distribute it among the "investors."

These transactions occurred weekly or biweekly, and according to Chensey, Hooker participated about once a month. Chensey also testified that if Hooker needed more cocaine prior to a scheduled purchase, he would supply him with cocaine in the interim. Other participants in the activity also testified regarding Hooker's involvement. Each corroborated Chensey's testimony. One participant testified that he personally "cooked" cocaine into crack for Hooker. Hooker paid this individual with cocaine and occasionally sold crack to him as well. Another witness testified that the participants, including Hooker, would help each other distribute the cocaine.

Hooker presents a two-fold argument that the district court erred in denying his motion for judgment of acquittal for insufficiency of the evidence. He first asserts that the evidence against him was insufficient because the only evidence of his actual involvement in the conspiracy came from his alleged convicted co-conspirators. He argues that because these individuals were convicted drug dealers seeking to reduce their sentences, their testimony is not credible and cannot support his conviction.

2

This Court has consistently held that credibility of witnesses is a question for the jury. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Hooker has demonstrated no reason to depart from this general rule. Although the relevant testimony came from convicted co-conspirators, the jury was made aware of their convictions and the fact that they were hoping to obtain a reduction in sentence by testifying against Hooker. Nonetheless, the jury apparently chose to believe their testimony. Further, contrary to Hooker's belief, the uncorroborated testimony of a defendant's accomplices is sufficient to support a conviction. See United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1983).

Hooker next asserts that the Government presented no evidence that he agreed to join the conspiracy. A conspiracy is generally proved by circumstantial evidence, which "may consist of a defendant's `relationship with other members of the conspiracy, the length of this association, [the defendant's] attitude [and] conduct, and the nature of the conspiracy.'" United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (quoting United States v. Collazo, 732 F.2d 1200, 1205 (4th Cir. 1984)) (alterations in original), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). A conviction for conspiracy may be reversed only when the government has clearly failed to present evidence on which a reasonable jury could conclude that the defendant is guilty beyond a reasonable doubt. See id. at 862. The appellate court must not analyze each piece of evidence in isolation, but must base its review on the complete picture that the evidence presents, bearing in mind that credibility determinations are the province of the jury and are not subject to review. See id. at 863.

The evidence demonstrated that Hooker and several other individuals voluntarily contributed towards, and arranged for the purchase of cocaine for distribution. We find this evidence, when viewed in the light most favorable to the Government, is sufficient to sustain the jury's verdict. See Glasser v. United States, 315 U.S. 60, 80 (1942). Accordingly, the district court did not err in denying Hooker's motion for judgment of acquittal.

Hooker next claims that the court erred by giving the jury an Allen charge prematurely. On the second day of deliberations, the jury noti-

3

fied the court that it could not reach a verdict. This Court reviews the giving of an Allen charge for abuse of discretion. See United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992). Because the charge was given on the second day of deliberations and because the language of the charge was proper, see United States v. Sawyers, 423 F.2d 1335 (4th Cir. 1970), we find no abuse of discretion in the court's action.

Finally, Hooker claims that the district court erred in using a base offense level of 38 in his sentencing. We review this claim for clear error. See United States v. Ellis, 975 F.2d 1061, 1067 (4th Cir. 1992). The basis for Hooker's claim is again his assertion that the Government's witnesses, convicted drug dealers, were not credible and that the district court should not have used their testimony to determine the amount of drugs for which he was responsible. The court noted this objection, but stated that it found the evidence presented to be credible. We again note that credibility determinations are within the province of the finder of fact, here the district court, and are not amenable to appellate review. See Saunders, 886 F.2d at 60. Therefore, we find no clear error.

For these reasons, we affirm Hooker's jury conviction and resulting sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4